***NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL SHAUN MARSHALEK, | : |
| Petitioner, | : Civil Action No. 21-957 (SDW) |
| v. | : **OPINION** |
| WARDEN OF HUDSON COUNTY CORRECTIONAL CENTER, et al., | : |
| Respondents. | : |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Michael Shaun Marshalek's petition for a writ of habeas corpus challenging his state criminal pre-trial detention and related no-contact order. (ECF No. 1). As Petitioner has now paid the five dollar filing fee applicable to habeas petitions, this court is now required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice and deny Petitioner a certificate of appealability.

### I.  BACKGROUND

According to his habeas petition, Petitioner is a pretrial detainee awaiting trial in Hudson County, New Jersey. (ECF No. 1 at 2-3). Petitioner contends that the state "lacks evidence" to

1

proceed to trial and that his having been arrested and subjected to a family court no-contact order which prevents him from interacting with his child and other family members as a result of his criminal charges amounts to him being denied the "assumption of innocence." (*Id.* at 4). Petitioner also asserts that his trial is being improperly delayed due to COVID-19 related court lock downs and trial limitations. (*Id.*). Petitioner also asserts that he believes that the state courts have no "personal jurisdiction" over him notwithstanding his residence in and charges pending in New Jersey. (*Id.* at 7). Although Petitioner frames his habeas petition as a challenge to state pre-trial detention, he appears to admit in his petition that while he was at one point "locked up against [his] will," he is now subject to a "jail release agreement" which he asserts amounts to "coercion and extortion" threatening a return to jail if he fails to comply with "monthly probational electronic telephone calls." (*Id.* at 7). It thus does not appear that Petitioner is actually incarcerated at present, though he may be subject to house arrest or a similar condition.

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine

2

whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**B. Analysis**

**1. This Court lacks jurisdiction over Petitioner's challenges to child custody or contact orders**

A petitioner may only use habeas corpus to challenge unlawful or unconstitutional "custody." 28 U.S.C. § 2241(c). While the federal courts have interpreted the concept of "custody" for habeas purposes broadly to include situations beyond pure criminal detention, a petitioner will only be considered in "custody" for habeas purposes where he is "subject both to 'significant restraints on liberty . . . which are not shared by the public generally,' along with 'some type of continuing governmental supervision." *See, e.g., Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). Habeas jurisdiction is not so expansive, however, to include challenges to the termination of parental rights, the loss of custody over one's children, or the placement of one's children in foster care. *Lehman v. Lycomng Cnty. Children's Servs. Agency*, 458 U.S. 502, 509-12 (1982); *see also Roundtree v. New Jersey*, No. 17-581, 2017 WL 507597, at *3 (D.N.J. Feb. 7, 2017) ("habeas jurisdiction does not exist to challenge" state court child custody determinations). Thus, while this Court will assume for the sake of this opinion that Petitioner's current form of "detention" – which appears akin to either a pseudo-probationary pre-trial release program requiring oversight and monthly reporting or a form of home confinement – amounts to "custody"

sufficient to permit Petitioner to attempt to challenge his criminal proceedings, it is clear that this Court has no habeas jurisdiction to hear Petitioner's challenges to the order of the state family courts denying him contact or custody over his children. Petitioner's child custody and contact challenges are therefore dismissed without prejudice for lack of jurisdiction.

**2.  Petitioner has failed to set forth a cognizable challenge to his pre-trial criminal "detention" as he has neither exhausted his claims nor shown extraordinary circumstances**

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)).  "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in *Moore* therefore held that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such

adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

Here, Petitioner seeks to challenge his pending criminal proceedings by arguing both that the state courts lack jurisdiction over him and making something akin to a speedy trial challenge in which he asserts that he is not being brought to trial as hastily as he wishes due to COVID-related restrictions. It does not appear that Petitioner has exhausted any of his claims as he asserts that the state courts have declined to hear his arguments as of yet. Petitioner therefore appears to be attempting to prematurely raise his criminal defenses via habeas, a tact Third Circuit caselaw will not allow, especially in light of Petitioner's failure to present any extraordinary circumstances which would warrant pre-trial habeas jurisdiction. *Duran*, 393 F. App'x at 4; *Moore*, 515 F.2d at 443-45. Petitioner's remaining habeas claims must therefore be dismissed without prejudice as Petitioner has failed to present claims over which this Court can exert pre-trial habeas jurisdiction as Petitioner has neither exhausted his claims nor presented extraordinary circumstances warranting habeas relief without exhaustion prior to his criminal trial.

### III. CERTIFICATE OF APPEALABILITY

Although appeals from petitions brought pursuant to 28 U.S.C. § 2241 by federal prisoners do not require a certificate of appealability, *see, e.g., Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006), because Petitioner is a state pre-trial detainee, he is required to obtain a certificate of appealability to the extent that he wishes to challenge this Court's dismissal of his petition as his habeas petition challenges his detention which "arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n.

3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

**IV. CONCLUSION**

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) will be dismissed without prejudice and Petitioner will be denied a certificate of appealability. An appropriate order follows.


Dated: February 8, 2021

*s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge